UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In Re:

RANDALL EDWARD GREGOR AND　　　　　　Case No.: BKY 18-31349-WJF
LAURIE ANN GREGOR

　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7 Case

　　　　　　Debtors.
-----------------------------------------------
Nolan McNally, a minor child, by his parents,
Crystal McNally and Brendan McNally; and
Crystal McNally and Brendan McNally, individually,

　　　　　　　　　　　　　　　　　　　　　　　　Plaintiffs,

-vs-

Laurie Ann Gregor,

　　　　　　　　　　　　　　　　　　　　　　　　Defendant.
_____

AMENDED COMPLAINT
_____

　　　　Nolan McNally, a minor child, by his parents Crystal McNally and Brendan McNally; and Crystal McNally and Brendan McNally, individually, ("plaintiffs"), for their complaint against the debtor/defendant, state:

　　　　1.　　Defendant is a debtor in the within joint bankruptcy case, which was filed as a voluntary chapter 7 case on April 30, 2018. The debtors received a discharge on August 7, 2018, and on August 22, 2018, the court closed the bankruptcy case as a no-asset case.  Upon application of the plaintiffs, the case was reopened on December 4, 2018.

　　　　2.　　The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and Bankruptcy Rule 7001. This proceeding is a core proceeding.

　　　　3.　　Prior to the filing of the bankruptcy case, plaintiffs commenced a civil action against debtor Laurie Ann Gregor in the Scott County Minnesota District Court, file No. 70-CV-18-7784. Said action seeks monetary damages arising from personal injury to plaintiff Nolan McNally, while he was in the care of Ms. Gregor.

　　　　4.　　Defendant is represented by insurance counsel in the civil action.

5. The law of the State of Minnesota does not allow a claimant to bring a direct action against an insurer. Claimants must first procure a judgment against the tortfeasor, before bringing an action against the insurer.

6. Plaintiffs were scheduled as creditors in the bankruptcy case. In deference to the automatic stay and the discharge injunction, plaintiffs have suspended proceedings in the civil action.

7. Plaintiffs wish to continue with the civil action. Plaintiffs acknowledge that any recovery would only be available against insurance carriers or other third parties.

8. Plaintiffs, by this adversary proceeding, request a declaratory judgment that their continuance of the civil action does not violate the automatic stay, or the discharge injunction, provided that any judgment obtained therein is not enforced against the defendant or the property of the defendant, but only against defendant's insurer or other third parties.

WHEREFORE, Plaintiffs pray the judgment and decree of this court as follows:

1. Declaring that plaintiffs' continuation of Scott County, Minnesota civil action No. 70-CV-18-7784, and any other related actions filed naming Laurie Ann Gregor as a defendant, does not violate the automatic stay under bankruptcy code section 362, or the discharge injunction under bankruptcy code section 524, in defendant's bankruptcy case.

2. That any judgment obtained in such actions may not be enforced as a personal liability against defendant or defendant's property.

Dated:    December 10, 2018         /e/ Thomas F. Miller
                                    Thomas F. Miller, Lic. No. 73477
                                    1000 Superior Blvd., Suite 303
                                    Wayzata, MN 55391
                                    Tel.: (952) 404-3896
                                    Fax: (952) 404-3893
                                    Email: Thomas@Millerlaw.com
                                    Attorney for Plaintiffs