UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re:
RANDALL EDWARD GREGOR AND          Case No.: BKY 18-31349-WJF
LAURIE ANN GREGOR                  Chapter 7 Case
            Debtors.

-------------------------------------------------------------------

Nolan McNally, a minor child, by his parents,          **ADV 18-03098**
Crystal McNally and Brendan McNally; and
Crystal McNally and Brendan McNally, individually,

            Plaintiffs,

-vs-

Laurie Ann Gregor,

            Defendant.

---

### PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT

---

TO:    The debtor and other entities specified in Local Rule 9013-3.

1.    Plaintiffs apply to the court for the relief requested below.

2.    Defendant is a debtor in the within joint bankruptcy case, which was filed as a voluntary chapter 7 case on April 30, 2018. The debtors received a discharge on August 7, 2018, and on August 22, 2018, the court closed the bankruptcy case as a no-asset case. Upon application of the plaintiffs, the case was reopened on December 4, 2018.

3.    This application arises under 11 USC §§ 362 and 524 and FRBP 7001 and 7055. This motion is filed under FRBP 9014 and Local Rules 9013-4(c). Plaintiffs request relief with respect to entry of default judgment for the relief requested in the Amended Complaint.

4.    Prior to the filing of the bankruptcy case, plaintiffs commenced a civil action against debtor Laurie Ann Gregor in the Scott County Minnesota District Court, file No. 70-CV-18-7784. Said action seeks monetary damages arising from personal injury to plaintiff Nolan McNally, while he was in the care of Ms. Gregor.

5.      The law of the State of Minnesota does not allow a claimant to bring a direct action against an insurer. Claimants must first procure a judgment against the tortfeasor, before bringing an action against the insurer.

> In Minnesota there is a "longstanding common-law rule that courts will not allow third parties to maintain a direct action against an insurer until the third party has a judgment against the insured." *Camacho v. Todd & Leiser Homes*, 706 N.W.2d 49, 56 (Minn. 2005). This prohibition on direct actions applies to declaratory judgments. *See Anderson v. St. Paul Fire & Marine Ins. Co*., 414 N.W.2d 575, 576–77 (Minn. Ct. App. 1987) (injured party's attempt to seek a declaratory judgment against a tortfeasor's insurance policy constituted an impermissible direct action).

> *Diocese of St Cloud v Arrowood Indem Co, No. CV 17-2002*
> *(JRT/LIB), 2018 WL 296077, at \*4 (D Minn, January 4, 2018)*

6.      Plaintiffs wish to continue with the civil action. Plaintiffs acknowledge that any recovery would only be available against insurance carriers or other third parties.

7.      The law is clear that in a non-direct action jurisdiction such as Minnesota, the debtor's discharge does not bar commencement or continuation of an action for purposes of recovering against the insurer:

> …. the "discharge of a debt of the debtor does not affect the liability of any other entity on ... such debt." 11 U.S.C. § 524(e), *see also*, 4–524 Collier on Bankruptcy P 524.05 (Subsection (e) of section 524 makes clear that, except as provided in section 524(a)(3) for certain debts in community property states, the discharge in no way affects the liability of any other entity). As the Second Circuit Court of Appeals ("Second Circuit") has noted, "the language of [§ 524(a) and § 524(e)] reveals that Congress sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit." *Green v. Welsh*, 956 F.2d 30, 33 (2d Cir.1992). In *Green*, the Second Circuit determined that a creditor's action against the debtors was permitted by 11 U.S.C. § 524, as long as the action was solely for the purpose of obtaining a judgment to be satisfied by the debtor's insurer, and not from the debtors or the bankruptcy estate. *Id*. at 32 (2d Cir. 1992). The Second Circuit noted that the "discharge injunction furthers one of the primary purposes of the Bankruptcy Code—that the debtor have the opportunity to make a 'financial fresh start' " but that neither the " 'fresh-start' policy nor § 524 was designed to immunize third parties." *Id*. at 33–34 (2d Cir. 1992)(internal citations omitted).

> *In re Jackson, No. 15-21233 (AMN), 2017 WL 2371111, at \*5*
> *(Bankr D Conn, May 30, 2017)*

And

It is generally agreed that the debtor's discharge does not affect the liability of the debtor's insurer for damages caused by the debtor and that the creditor may seek to recover from the insurer.

*4 Collier on Bankruptcy ¶ 524.05 at 524-59,60. (15th ed. 2008).*

8. Plaintiffs, by this adversary proceeding, request a declaratory judgment that their continuance of the civil action does not violate the discharge injunction, provided that any judgment obtained therein is not enforced against the defendant or the property of the defendant, but only against defendant's insurer or other third parties.

9. The Summons and Amended Complaint in this adversary proceeding were served upon the following parties in the following ways:

| Party Served | Dated Served | Mode of Service |
|---|---|---|
| John A. Hedback, Trustee | December 10, 2018 | ECF |
| US Trustee | December 10, 2018 | ECF |
| Craig Andresen, Debtors' attorney | December 10, 2018 | ECF |
| Laurie Ann Gregor, Defendant | December 12, 2018 | First Class Mail |
| Joseph A. Nilan, Defendant's insurance attorney | December 12, 2018 | First Class Mail |

No response of any kind has been received by the defendant, or anyone acting on behalf of the defendant.

**WHEREFORE**, Plaintiffs pray the court make its order for judgment as follows:

1. That plaintiffs' continuation of Scott County, Minnesota civil action No. 70-CV-18-7784, and any other related actions filed naming Laurie Ann Gregor as a defendant, does not violate the discharge injunction under bankruptcy code section 524, in defendant's bankruptcy case.

2. That any judgment obtained in such actions may not be enforced as a personal liability against defendant or defendant's property.

Dated:   January 25, 2019

/e/ Thomas F. Miller

Thomas F. Miller, Lic. No. 73477
1000 Superior Blvd., Suite 303
Wayzata, MN 55391
Tel.: (952) 404-3896
Fax: (952) 404-3893
Email: Thomas@Millerlaw.com
**Attorney for Plaintiffs**

**Verification**

       I, Thomas F. Miller, attorney for the Plaintiffs named in the foregoing Application for Default Judgment, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated:   January 25, 2019                   /e/ Thomas F. Miller

                                                      Thomas F. Miller, Lic. No. 73477
                                                      1000 Superior Blvd., Suite 303
                                                      Wayzata, MN 55391
                                                      Tel.: (952) 404-3896
                                                      Fax: (952) 404-3893
                                                      Email: Thomas@Millerlaw.com
                                                      **Attorney for Plaintiffs**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re:
RANDALL EDWARD GREGOR AND
LAURIE ANN GREGOR
        Debtors.

Case No.: BKY 18-31349-WJF
Chapter 7 Case

-----------------------------------------------------------------

Nolan McNally, a minor child, by his parents,
Crystal McNally and Brendan McNally; and
Crystal McNally and Brendan McNally, individually,
        Plaintiffs,
-vs-

**ADV 18-03098**

Laurie Ann Gregor,
        Defendant.

---

## ORDER FOR JUDGMENT
---

Upon the Application for Default Judgment by Nolan McNally, a minor child, by his Parents Crystal McNally and Brendan McNally; and Crystal McNally and Brendan McNally, individually ("Movants"), and debtor Laurie Ann Gregor, it is hereby ORDERED:

1.    That plaintiffs' continuation of Scott County, Minnesota civil action No. 70-CV-18-7784, and any other related actions filed naming Laurie Ann Gregor as a defendant, does not violate the discharge injunction under bankruptcy code section 524, in defendant's bankruptcy case.

2.    That any judgment obtained in such actions may not be enforced as a personal liability against defendant or defendant's property.

Dated: _____

                      _____
                      Judge William J. Fisher
                      United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re:
RANDALL EDWARD GREGOR AND                    Case No.: BKY 18-31349-WJF
LAURIE ANN GREGOR                            Chapter 7 Case
            Debtors.
------------------------------------------------------------------

Nolan McNally, Crystal McNally,              **ADV. 18-03098**
Brendan McNally,

            Plaintiffs,

v.

Laurie Ann Gregor,

            Defendant.

---

## CERTIFICATE OF SERVICE

---

The hereby certify that on January 25, 2019, I caused the following documents:

**PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT and
Proposed ORDER FOR JUDGMENT**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- John A. Hedback, jhedback@ecf.epiqsystems.com, ladamson@hac-mnlaw.com
- US Trustee, ustpregion12.mn.ecf@usdoj.gov
- Craig Andresen, craig@andresenlaw.com

I further certify that I mailed copies of the above documents to the defendant, and her insurance attorney, at their addresses below by first class mail postage prepaid:

Laurie Ann Gregor                     Joseph A. Nilan
1139 Hawthorne Circle                 Gregerson, Rosow, Johnson & Nilan, Ltd.
Shakopee, MN 55379                    100 Washington Avenue South, Suite 1550
                                      Minneapolis, MN 55401
                                      *Insurance Attorney for Laurie Ann Gregor*

And, I declare, under penalty of perjury, that the foregoing is true and correct.

Dated:   January 25, 2019                    /e/ Thomas F. Miller

Thomas F. Miller, Lic. No. 73477
1000 Superior Blvd., Suite 303
Wayzata, MN 55391
Tel.: (952) 404-3896
Fax: (952) 404-3893
Email: Thomas@Millerlaw.com
**Attorney for Plaintiffs**